**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**
In the Matter of an Interlocutory Appeal from the Trial Court

**Trial Court Docket#:  23CV198**
**Appeals Court Docket#: 23-1210**

**Jane Doe** (Appellant)

v.

**INTERLOCUTORY APPEAL**

**NYC Department of Education, Dr. Linda Chen** (Respondents)
**Kimberly Wittmer, Norah Ann Lovett, Lucius Young**

**Before:  Jon O. Newman, Circuit Judge**

---

## INTERLOCUTORY APPEALS BRIEF

### Table of Contents

**PART I** ................................................................................................2

    PRELIMINARY STATEMENT ........................................................2

    JURISDICTIONAL STATEMENT ..................................................2

    STATEMENT OF PROCEEDINGS.................................................4

    STANDARD OF REVIEW ..............................................................7

    STATEMENT OF ISSUES ..............................................................8

**PART II** ...............................................................................................8

    INTERLOCUTORY APPEAL ........................................................8

    USING A PSEUDONYM...............................................................23

    DENYING REQUEST FOR DETERMINATION AGAINST DEFENDANTS FOR VIOLATION OF RULE 5 ...........................................................................................29

    WRONGFUL TERMINATION OF DOCKET ENTRIES .................30

**PART III** .............................................................................................31

    CONCLUSION..............................................................................31

**PART I**

PRELIMINARY STATEMENT

This interlocutory appeal brief is filed with the court of appeals so it may review the district court's August 19, 2023 order for judicial err in the application of applicable law and abuse of discretion for dismissal of the prose appellant's motion for default judgement against respondents, prose appellant's use of a pseudonym and seal request's omission, respondents violation of the Federal Rules of Civil Procedure Rule 5, and the termination of dockets 18, 20, 24, 27 and 33 by the district court case 23-CV-198 currently pending in the district court until the appeals court reviews these foregoing issues.

After prose appellant filed an extension request with the district court on August 28, 2023, the Appellant filed a timely notice of appeal on August 29, 2023, with the appeals court to review the order of the district court on the issues discussed in this interlocutory appeal brief. The district court judge acknowledged prose appellant's interlocutory appeal on August 30, 2023, in an order stating, "*Given Plaintiff's pending appeal to the Second Circuit [see ECF No. 54], Plaintiff's deadline to file an amended complaint is adjourned sine die. The parties are directed to jointly file a status letter within 2 weeks of the date the appeal is decided by the Second Circuit.*". Therefore, the district court judge has permitted the prose appellant to move forward with this interlocutory appeal while the employment discrimination case remains on hold until the appeals court conducts its review of prose appellant's interlocutory appeal brief.

JURISDICTIONAL STATEMENT

Under 28 U.S.C. § 1291, the appeals court has jurisdiction to decide on prose appellant's interlocutory appeal in the matters arising out of the district court order on August 19, 2023. The general rule is that an appellate court will not consider an issue raised for the first time on appeal (quoting *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) (alteration in original)). "[Appeal courts may] exercise discretion where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding." *Id.* (citation omitted)."

2

"[Appeal courts may] exercise discretion where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding." *Id.* (citation omitted)." (question of law exists when no evidence is presented on an issue or when the evidence is undisputed and the minds of reasonable persons may not draw differing inferences or arrive at opposing conclusions). City of Neodesha v. BP Corp. N. Am., Inc., 287 P.3d 214, 223 (Kan. 2012).

Appellate courts apply the same standard as trial courts when considering whether judgment as a matter of law is proper under K.S.A. 60-250. *National Bank of Andover v. Ransas Bankers Surety Co.*, 290 Kan. 247, 267, 225 P.3d 707 (2010). City of Neodesha v. BP Corp. N. Am., Inc., 287 P.3d 214, 228 (Kan. 2012)

""When ruling on a motion for directed verdict [or default judgement], the trial court is required to resolve all facts and inferences reasonably to be drawn from *the* evidence in favor of the party against whom the ruling is sought. Where reasonable minds could reach different conclusions based on the evidence, the motion must be denied. A similar analysis must be applied by an appellate court when reviewing the grant or denial of a motion for directed verdict [or default judgement]. '"[Citations omitted.]" *Smith v. Kansas Gas Service Co.*, 285 Kan. 33, 40, 169 P.3d 1052 (2007). City of Neodesha v. BP Corp. N. Am., Inc., 287 P.3d 214, 228 (Kan. 2012)

The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." [*320] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); see, e.g., Smith, 285 Kan. at 40 ("In other words, a motion for judgment as a matter of law must be denied when evidence exists upon which a jury could properly find a verdict for the nonmoving party."). City of Neodesha v. BP Corp. N. Am., Inc., 287 P.3d 214, 228 (Kan. 2012)

3

STATEMENT OF PROCEEDINGS

Pursuant to the New York State General Municipal Law § 50-e, a Notice of Claim which must be properly served within 90 days from the date of occurrence, was timely filed on February 5, 2021. Prior to the filing of the complaint, prose plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") (EEOC Charge No. 520-2021-03029), on or about September 23, 2021, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and Americans with Disabilities Act of 1990. The prose plaintiff provided respondents with notice of the charges of discrimination and retaliation. Upon information and belief, the EEOC conducted and completed an investigation into the discrimination and retaliation charges against the respondents. After investigating pursuant to Section 706 of Title VII, the EEOC found reasonable cause to believe that the prose plaintiff was discriminated against and harassed based on perceived disability and was also subjected to Retaliation in violation of Title VII. The U.S. Equal Employment Opportunity Commission issued a Notice of Right to Sue on October 18, 2022 (Exhibit 2) authorizing the filing of the complaint. The prose plaintiff took all the necessary steps to exhaust administrative remedies. All conditions precedent to the filing of the suit were fulfilled and discharged so the complaint was fully ripe when the complaint was filed within the requisite 90 days of the prose plaintiff's receipt of the EEOC Notice of Right to Sue.

The prose plaintiff then commenced an action in the United States District Court Southern District of New York on January 8, 2023, by filing an employment discrimination complaint under Title VII of the Civil Rights Act 1964 (2) Americans with Disabilities Act, 1990 of claims arising under state and local law pursuant to 28 U.S.C. § 1367(a) and filing a Motion to Use a Pseudonym. The district court directed the prose plaintiff to serve respondents and to submit a declaration explaining why she should be permitted to proceed anonymously, which the prose plaintiff had filed but had not been docketed correctly before the district court judge's request. The prose plaintiff moved for leave to proceed under a pseudonym to protect her minor child's identity from foreseeable personal shame and irreparable harm to the minor's professional prospects to pursue a military career by publicizing the minor's mental health

4

struggles during COVID and learning disability, which are otherwise protected under HIPPA laws. Respondents shortly thereafter sought an extension of an addition of 60 days (about 2 months) to respond to the prose plaintiff's complaint.

The district court judge granted respondents request for a 60-day extension to submit a response to the complaint and mailed the order to prose plaintiff who had neither been notified about the request, nor given an opportunity to consent or contest the request before an order was issued because prose plaintiff had not been properly served by the respondents as required under the Federal Rules of Civil Procedures, Rule 5, as well as, the district court judge's own court procedures. The district court judge failed to include a determination on the prose plaintiff's use of a pseudonym, at that time. Once the prose plaintiff received the determination in the mail, she submitted a letter on February 9, 2023, contesting the extension the district court judge granted. In the letter, the prose plaintiff pointed out to the district court, that the respondents failed to serve the prose plaintiff in adherence to Federal Rules of Civil Procedures, Rule 5, and indicated that the respondents were aware that the prose plaintiff still worked at the NYC Department of Education headquarters where respondents could have properly served prose plaintiff in adherence to the legal requirement. Within the same month, on February 23, 2023, the district court judge expeditiously issued an order denying prose plaintiff's request to deny respondents' extension request without issuing addressing respondents' violation of Federal Rules of Civil Procedures, Rule 5. The district court instead warned prose plaintiff not to "vex the court".

Respondents failed to submit a timely response to prose plaintiff complaint by the extended April 7, 2023, deadline, therefore defaulting as a matter of law. Consequently, prose plaintiff filed a motion for default judgment with the Clerk of the Court. Three (3) days later, respondents filed a pre-motion letter, explaining that they failed to respond due to a calendaring error, seeking leave to move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted". Prose plaintiff filed an amended complaint on April 10, 2023, that included a detailed accounting of the relief sought. Prose appellant also filed a "motion to deny Defendants [sic] request to set aside motion for

default judgment." The Clerk's Office subsequently declined to issue prose appellant a Certificate of Default because an alleged "dispositive motion" was pending. On June 13, 2023, prose appellant filed a letter requesting a" determination against the respondents for their continuous violation of the Federal Rules of Civil Procedure, Rule 5." Specifically, prose appellant alleged that "respondents failed to serve prose appellant on multiple occasions.", pointing out that respondents were aware that prose appellant remained employed with the agency and was working with named respondent Kimberly Wittmer whose desk is in the same room as the prose appellant. Therefore, for since respondents correspond with this named respondent, they also know how to successfully contact the prose appellant. Respondents still opposed the request, claiming instead that prose appellant's "mailing address [was] not available on the docket," " prose appellant is proceeding as a Jane Doe," and that, notwithstanding the lack of service, " prose appellant was regularly responding to respondents' filings via the docket." To facilitate service in the future, respondents requested that prose appellant provide her mailing or e-mail address to defense counsel.

Approximately 60-days later, on  August, 15th 2023, the district court issued an order on the following motions that were pending before the Court: (1) [prose appellant's] motion to proceed under a pseudonym; (2) [prose appellant's]  amended motion to proceed under a pseudonym, excluding the request to seal the records; (3) [prose appellant's]  motion for default judgment; (4) [prose appellant's] motion "to deny [respondents] request to set aside motion for default judgment"; and (5) [respondents] request for a pre-motion conference. The court denied all the motions. It also addressed prose appellant's letter dated June 13, 2023, that sought "a determination against the respondents for violation of the Federal Rules of Civil Procedure, Rule 5." This request was also denied by the district judge.

Through this interlocutory appeal, the prose appellant asserts that the district court abused its discretion when it denied prose plaintiff's default judgement, use of a pseudonym, respondents' violation of Federal Rules of Civil Procedure Rule 5, and termination of dockets 18, 20, 24, 27 and 33 from the case record.

**Part II**

STANDARD OF REVIEW

Judicial discretion is abused if judicial action is: (1) arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. *State v. McCullough*, 293 Kan. 970, 980-81, 270 P.3d 1142 (2012). City of Neodesha v. BP Corp. N. Am., Inc., 287 P.3d 214, 222 (Kan. 2012); Zervos v. Verizon N.Y., Inc., 252 F.3d 163, 169 (2d Cir. 2001) (footnotes omitted).  This is a disjunctive standard and only one or more elements must be met to render the judicial action an abuse of judicial discretion.

"[Appeal courts may] exercise discretion where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding." *Id.* (citation omitted)." "(Question of law exists when no evidence is presented on an issue or when the evidence is undisputed and the minds of reasonable persons may not draw differing inferences or arrive at opposing conclusions). City of Neodesha v. BP Corp. N. Am., Inc., 287 P.3d 214, 223 (Kan. 2012).

Appellate courts apply the same standard as trial courts when considering whether judgment as a matter of law is proper under K.S.A. 60-250. *National Bank of Andover v. Ransas Bankers Surety Co.*, 290 Kan. 247, 267, 225 P.3d 707 (2010). City of Neodesha v. BP Corp. N. Am., Inc., 287 P.3d 214, 228 (Kan. 2012)

"'"When ruling on a motion for directed verdict, the trial court is required to resolve all facts and inferences reasonably to be drawn from *the* evidence in favor of the party against whom the ruling is sought. Where reasonable minds could reach different conclusions based on the evidence, the motion must be denied. A similar analysis must be applied by an appellate court when reviewing the grant or denial of a motion for directed verdict [or default judgement]. '"[Citations omitted.]" *Smith v. Kansas Gas Service Co.*, 285 Kan. 33, 40, 169 P.3d 1052 (2007). City of Neodesha v. BP Corp. N. Am., Inc., 287 P.3d 214, 228 (Kan. 2012)

The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." [*320] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); see, e.g., Smith, 285 Kan. at 40 ("In other words, a motion for judgment as a matter of law must be denied when evidence exists upon which a jury could properly find a verdict for the nonmoving party."). City of Neodesha v. BP Corp. N. Am., Inc., 287 P.3d 214, 228 (Kan. 2012)

## STATEMENT OF ISSUES

1. Whether the district judge erred in denying prose plaintiff's motion for default judgement is an abuser of judicial discretion?

2. Whether the District Court erred in dismissing the prose appellant's request to proceed under a pseudonym is an abuse of judicial discretion?

3. Whether the district court erred in denying prose appellants motion against respondents for violation of the Federal Rules of Civil Procedure, Rule 5 is an abuse of judicial discretion?

4. Whether the district court erred in requesting for the Clerk of the Court to terminate docket entries 18, 20, 24, 27 and 33 is an abuse of judicial discretion?

## PART II

### INTERLOCUTORY APPEAL

1. <u>Whether the district judge erred in denying plaintiff's motion for default judgement is an abuser of judicial discretion?</u>
   Interlocutory appeal reviews by the appeal courts are governed by 28 U.S.C. § 1292 . Section 1292(b) and permit immediate appeals from orders when three (3) criteria are met: (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion with respect to the resolution of the issue to be appealed; and (3) an immediate appeal from the district court's decision could materially advance the ultimate termination of the litigation. *See, e.g., Chao v. Roy's Constr., Inc.*, 517 F.3d 180 , 188 (3d Cir. 2008).

8

"[T]hese three criteria do not limit the Court's discretion to grant or deny an interlocutory appeal." *In re SemCrude L.P.*, 407 B.R. 553 , 557 (D. Del. 2009). The appeals court entertaining an interlocutory appeal under § 1292(b) is appropriate only when the party seeking leave to appeal "establishes [that] exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. and Hudson Ry. Co.*, 96 B.R. 469 , 472-73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989) (table).

The Appeals Court may review the order of the District Court, Southern District of New York, to grant a motion to dismiss the order in favor of prose plaintiff's default judgement under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6) for abuse of discretion.

**(1) Default Judgement Satisfies the First Criteria for Interlocutory Appeal**

The first criterion to satisfy an interlocutory appeal is that the order involves a controlling body of law. Controlling law refers to the laws of the state, which will be relied upon in judging disputes. *controlling law*. (n.d.). LII / Legal Information Institute.

https://www.law.cornell.edu/wex/controlling_law. The Federal Rules of Civil Procedure Rule 55 is the controlling law governing Default Judgement in the Southern District of New York Courts.

https://www.law.cornell.edu/wex/federal_rules_of_civil_procedure.

The Federal Rules of Civil Procedure constitute controlling law when there is no controlling law…[and therefore] a judge may regulate practice in any manner consistent with federal law. *Federal rules of civil* Procedure. (n.d.). LII / Legal Information Institute. The Federal Rules of Civil Procedure govern civil proceedings in the United States district courts. Their purpose is "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. *Local Rules | U.S District Court*. (n.d.). https://www.nysd.uscourts.gov/rules.

Therefore, since Default Judgement involves the controlling body of law, Federal Rules of Civil Procedure Rule 5, the first criterion to satisfy an interlocutory appeal is met.

**(2) The Substantial Grounds for Differences in Opinions Exist with respect to the District Judge Denial of Appellants Default Judgement Satisfies the Second Criteria of Interlocutory Appeal**

9

a. <u>The Clerk of the Court Erred in Applying the Controlling Law Federal and NY State Governing Default Judgement</u>

The rejection of the Certificates of Default Judgement presents differences in legal opinion as to how the controlling law that should be applied by the Clerk of the Court satisfies the second criteria of interlocutory appeal.

The second criterion to satisfy an interlocutory appeal is that "there is a substantial ground for difference of opinion with respect to the resolution of the issue to be appealed." On April 7, 2023, respondents failed to enter a timely reply to prose appellant's complaint for respondents Violation of (1) Title VII of the Civil Rights Act of 1964 (2) Americans with Disabilities Act of 1990.  On April 8, 2023, in compliance with the Federal Rules of Civil Procedure Rule 55 and more specifically, the Southern District Court of New York procedures *Clerk's certificate of Default | U.S District Court*. (n.d.).

https://www.nysd.uscourts.gov/forms/clerks-certificate-defa, pro se appellant correctly submitted individual Affirmations in Support of Request for Certificates of Default [Dockets 45, 46, 47, 48, 49] and the Clerk's Certificate of Default against each named respondent, [Dockets 40, 41,42,43,44], which was served on respondent on April 10, 2023, in compliance with Southern District of New York rules for the issuance of the Clerk's Certificate Default, in addition to an amended complaint that contained a detailed accounting of the relief prose plaintiff sought. The Clerk's rules state that:

"The Clerk's Office will review the request and, where appropriate, electronically file a signed Clerk's Certificate of Default" and "<u>After</u> the Clerk's Certificate of Default is entered on the docket, you may then seek a Default Judgment [from the district judge]."

Furthermore, "appropriate" cause to deny the Clerk's Certificate of Default would be the existence of a defect in the filing of the Affidavit or Certificate with the Court of the Clerk.  Yet, no defect was asserted by either the Court Clerk or the District Judge as to the state of the Affidavit or Certificate the prose appellant filed.  Nevertheless, on June 7, 2023, in violation of

10

applicable laws of procedure, the Clerk's Office rejected the prose appellant's proposed Clerk's Certificates of Default Judgement, giving the reason that "a dispositive motion is still pending". A dispositive motion is a motion that could dispose of a case, such as a motion to dismiss, motion for summary judgement or in this case a motion for default judgement. *12 CFR § 1081.212 - Dispositive motions.* (n.d.). LII / Legal Information Institute.

https://www.law.cornell.edu/cfr/text/12/1081.212.

It is <u>false</u> that a dispositive motion is the reason the Clerk failed to issue the Certificate of Default Judgement because as of June 7, 2023, the motions pending in the district court consisted of the prose appellant's Motion for Default Judgement, motion to deny prose appellant's Motion to set aside motion for default, motion to use a pseudonym, Motion against respondents for violation of the federal rules of civil procedure rule 5 and respondents request for a premotion conference.

The only "dispositive motion" before the court before the August 19, 2023, district court order as issues was prose appellant's motion for Default Judgement, which would terminate the case in its entirety. Unlike the Motion for Default Judgement, an order requiring prose appellant to forgo use of a pseudonym, a determination about respondents' violation of Rule 5, nor precluding a pre-motion hearing result in the termination of the case before the district court.

Furthermore, the district judge asserts in her August 19, 2023 order [Part II Motion for Default Judgement page 10] that the only motion undecided by the court before issuing her holding was the non-dispositive motion, "[prose appellant's] motion to proceed under a pseudonym [which] was still pending," which is both inconsistent and contrary to factual, explicit reason provided by the Clerk of the Court for not issuing the prose plaintiff the Certificates of Default Judgement.

The Court of the Clerk, therefore erred as a matter of fact and law when applying the controlling law in the Southern District Court of New York rules for issuance of the Certificates of Default Judgement, when it rejected prose plaintiff's Affidavit and Certificates of Default

Judgement because there was nothing lacking in either submission of the Affidavits or Certificates of Default to legally warrant the rejection. Additionally, the Clerk of the Court erred by not issuing the Clerk's Certificates of Default Judgement as a matter of fact because there was no pending "dispositive motion" on which the issuance of the Certificates of Default Judgement was dependent.

Also, the issuance of a Clerk's Certificate of Default is independent of any act or order conducted by the district court. The Clerk's conduct is governed by strictly procedural rules to which the Clerk must adhere that are determined based on the factual events outline in the procedures, and which were aptly and correctly submitted to the Clerk [Dockets previously cited] as required in compliance with the Clerk's rules.

The overarching law that governs Default Judgements that cannot be contradicted by State law, is the Federal Rules of Civil Procedures Rule 55 which states that, "the clerk must enter the party's default" "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit". Without exception, Rule 55 compels the Clerk's entry of Default Judgement, against whom the default judgment is sought, on the affidavit's showing that the respondent has failed to supply a timely answer to the prose appellant. By failing to issue the prose appellant a Certificate of Default, the Court of the Clerk erred in the application of the controlling law.

Therefore, the rejection of the Certificates of Default Judgement presents differences in legal opinion as to how the controlling law that should be applied by the Clerk of the Court, which satisfies the second criteria of interlocutory appeal.

**b. <u>The District Court's Abuse of Discretion and Err in Interpretation and Application of Applicable Law</u>**

The district judge reliance on three (3) errs of law in her order denying prose appellant's

Motion for Default Judgement is an abuse of discretion:

1) **The district court's holding that the respondents put forth a meritorious defense fails as a matter of fact.**

While the district court failed to specify indicate which defense respondents asserted was meritorious, in the response to prose appellants motion for default judgement, respondents stated a claim that the prose plaintiff's case should be dismissed under Federal Rules of Civil Procedure 12(b)6 "for failure to state a claim on which relief may be granted." This fails as a matter of fact, because prose plaintiff filed an amended complaint with the district court on April 10, 2023, that lays out a detailed, itemized account of the relief sought by prose appellant from each of the named respondents. Consequently, there is no merit to the respondents claim about whether the prose appellant has stated a claim on which relief may be granted fails as a matter of fact, Therefore, if this is the meritorious defense to which the district court is referring, it fails as a matter of fact and as a matter of law, since this Federal Rules of Civil Procedure 12(b)6 is not applicable because of these facts.

2) **The district judge's interpretation of judicial precedent and application of "sound discretion" fails as a matter of law.**

The district judge's order to deny prose appellant's Motion for Default Judgement based on the assertion of discretion is an abuse of discretion as a Matter of Law:

a. The district judge significantly delayed her decision for three (3) months on prose appellant's Motion to use a Pseudonym, but expeditiously responded to respondent's request for an extension before prose appellant had even been notified under Rule 5 that a request by respondents for an extension was filed. When prose appellant filed a motion to deny respondent's request for an extension, the district court again expeditiously responded, denying prose appellant's request to deny the respondent's request for an extension, threatening the prose appellant about "not vexing the court"; and ignoring prose appellant's legitimate concern about not being properly served by the respondents required under Rule 5. The district court's three (3) month delay to make a determination on prose appellant's motion

to use a pseudonym can be construed as arbitrary and unreasonable because the conduct appears to have been deliberate and willful since the pseudonym motion was the primary reason the district court uses to justify why the Clerk was directed to not issue the Certificate of Default. The district court's erroneous representation of the pseudonym motion being a "dispositive motion," [filed on June 7, 2023, no docket assigned] resulted in the Clerk of the Court failing its procedural obligation to sign and issue the non-defective Certificates of Default Judgement.

"Once a default has been entered [by the Clerk], then, upon application of the party", [prose appellant], entitled to a judgment by default," the Court may proceed to enter a default judgment against the defaulting party. Fed.R.Civ.P. 55(b)." O'Callaghan v. Sifre, 242 F.R.D. 69, 72 (S.D.N.Y. 2007)", which would have result in the termination of the prose appellant's employment discrimination case, currently pending in district court and prose appellant's rightful receipt of the relief sought, as it is described in the amended complaint filed on April 10, 2023.

Consequently, both the Court of the Clerk err, and the district judge's abuse of discretion constitute a manifest injustice through their actions which thrwarted the natural termination of this case, which the default judgement would have rendered.

"The Appellate Division is subject to the same constraints as [a District] Court— a penalty must be upheld unless it is "so disproportionate to the offense as to be shocking to one's sense of fairness," thus constituting an abuse of discretion as a matter of law (*Matter of Pell*, *supra*, 34 NY2d, at 237 ; *see also*, *Matter of Featherstone*, *supra*, at 554-555 ; *Matter of Verney v New York State Liq. Auth.*, 94 NY2d 779 ; *Matter of Gillen v Smithtown Lib. Bd. of Trustees*, 94 NY2d 776).

14

While the district court asserts that it is within the parameters of its discretionary authority since "A motion to vacate a default judgment is `addressed to the sound discretion of the district court.' *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada,* 374 F.3d 158, 166 (2d Cir. 2004) (quoting *SEC v. McNulty,* 137 F.3d 732, 738 (2d Cir. 1998))…However, the district abused, its discretionary authority by failing to apply the New York Court of Appeals precedent for which "its position regarding the handling of trial court abuses discretion, states["…we have expressed a strong "preference for resolving disputes on the merits." *Powerserve Int'l, Inc. v. Lavi,* 239 F.3d 508, 514 (2d Cir. 2001) (citation omitted). New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005).

The merits of this case substantiate the err in fact by the Clerk to reject the Certificates of Default due to a pending dispositive motion which is described as a non-dispositive Pseudonym motion in the August 19, 2023 district court order. The district court err as a matter of law when it denied prose appellant's default judgement was not due to meritorious evidence or events, but was due to the district court abuse of discretion that violates the Federal Rules of Civil Procedure as well as the Southern District Court of New York procedures by: 1. Appearing to have mislead the Court of the Clerk that in-turn rejected the prose appellants Affidavits and Certificates for Default Judgement due to a erroneously pending "dispositive motion" which was actually a non-dispositive Pseudonym Motion; 2. For appearing to unreasonably prolong the issuance of a timely determination in case under the pretext of reviewing the non-dispositive Pseudonym Motion for the ultimate end of using its pendency to get the Clerk of the Court to reject prose plaintiff's Affidavits and Certificates of Default. The abuse of discretion and err in application of relevant law and legal precedent by the district judge has and continues to cause prose appellant egregious financial, emotional, psychological harm, and substantial

prejudice to her personal life, work life, health, academic pursuits, motherly, wifely

and daughterly duties in care for her aged mother, all of which satisfy the criteria for

the review of the district court's conduct by the Appellate Court for Abuse of

Discretion as a matter of law and as a matter of fact.

3) The district judge erred stating prose appellant would not be prejudiced by the dismissal of the

default judgement and erred asserting that Defendants put forth "meritorious defenses" both fail.

   a. **Applicable standard of review**

"Under the *Craddock* test, a trial court should set aside a default [*2] judgment … in any

case in which: the Defendants have established (1) the[ir] failure to answer before [a]

judgment [deadline] was not intentional or the result of conscious indifference, but was due

to a mistake or an accident; (2) the motion to [dismiss default judgement] sets up a

meritorious defense; and (3) the granting of the motion [to dismiss default judgement] will

occasion no delay or otherwise injure the petitioner.  This is a conjunctive standard,

therefore, "The defaulting respondent has the burden of proving that all three elements of the

*Craddock* test are met before a trial court is required to grant a motion for new trial. *Scenic*

*Mountain Med. Ctr. v. Castillo*, 162 S.W.3d 587, 590 (Tex. App.-El Paso 2005, no pet.);

*Padrino Maritime, Inc. v. Rizo*, 130 S.W.3d 243, 247 (Tex. App.-Corpus Christi 2004, no

pet.); *cf. Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005)". (*Friedman v. Friedman*,

No. 05-11-00034-CV, 2012 BL 185982, at *2 (Tex. App. 5th July 24, 2012).

a. The respondents' motion to [dismiss default judgement] fails to provide a meritorious defense.

Respondents claim that a "calendar error" caused them to miss the April 7, 2023, district

court mandated deadline to respond to prose appellant's complaint.  Respondents fail to prove that

missing the deadline to file an answer to prose appellant's complaint "was not intentional or the result

of conscious indifference but was due to a (reasonable) mistake or an accident.".  The record shows

that respondents display a consistent pattern of disregard for court procedures such as the Federal

Rules of Civil Procedure.  They failed to properly serve prose appellant throughout the duration of the

16

district court case as required under Rule 5 and then, again, they disregard the requirement for timely filing of an answer to prose appellant's complaint despite having 81 days to do so.

Respondents received both an initial 21 days and were granted an additional 60 days to respond to prose appellant's complaint. Despite having 81 days to review and reply to the prose appellants complaint, respondents still unreasonably failed to submit a timely response to pro se appellants complaint.

Furthermore, respondents' district court lawyer, Rene Louis Macioce is a full-time staff employee and Assistant Corporation Counsel, Labor and Employment at the New York City Law Department. The New York City Law Department (Law Department) has a fiscal 2023 budget of $271.7 million dollars, is comprised of 850 full-time lawyers and 750 support professionals on salary that represent the City, the Mayor, other elected officials, and the City's many agencies in all affirmative and defensive civil litigation against individual, litigants, such as prose appellant who, without a law degree, any outside assistance, not even a fraction of the budget or resources, succeeded in meeting all of the filing deadlines and proper service requirements under the Federal Rules of Civil Procedure.

Therefore it is unreasonable that the Law Departments' 1,600 employees assigned to managing and tracking cases should be permitted to escape the legal consequences of missing court deadlines for what is an unreasonable, inexcusable explanation. Allowing the Law Department to get away with their blatant disregard of legal rules and procedures sets a dangerous precedent that undermines the entire legal system, which is starkly against the public's interest.

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. But the existence of Fed.R.Civ.P. 55(b) indicates that in "this preference, standing alone, is not dispositive." Kloepping, 1996 WL 75314, at *3 (see PepsiCo, Inc. v. California Security Cans). Consequently, respondents motion to dismiss prose appellant's default judgement fails to assert a meritorious defense despite the district courts unreasonable exercise of its discretionary authority to erroneously pronounce that respondents "calendar error" has merit. There is no merit to respondents

17

unreasonable excuse because of the Law Department representing respondents are disproportionately more equipped with technical, financial and human resources compared to non-lawyer individuals, like prose appellant. Based on the foregoing about the respondents "calendar error" excuse is an unreasonable explanation and therefore has no merit regardless of district court's judicial standing to make a contrary assertion, which is an abuse of discretion as a matter of law and fact. Respondents must be held at the highest standard of professional conduct in respect to adherence to all Federal Rules of Civil Rules of Procedure, including that of abiding by court deadlines in this case that was due on April 7, 2023, which, again, respondents missed as a matter of law.

b.  The granting of the motion [to dismiss default judgement] results in the delay or otherwise injure the [prose appellant].

Default Judgement occurs "if the [respondent] does not answer in time or make a motion, the prose appellant (or petitioner) can ask the court for a default judgment. A default judgment can give the prose appellant what they want because the respondent failed to respond. The default judgment usually gives the prose appellant the right to collect the amount of money that was asked for in the complaint, plus interest and court costs. The judgment will appear on the respondent's credit report, and it can be there for up to seven years if it is not paid. The judgment also gives the prose appellant the right to collect money from the Defendant's bank account or salary." System, N. Y. S. U. C. (n.d.). *Judgments | NY CourtHelp*. 1996-2022 Office of Court Administration, the New York State Unified Court System - ALL RIGHTS RESERVED. Without Prior Written Consent, Any Form of Copying or Alteration Is Strictly Prohibited. https://nycourts.gov/courthelp/goingtocourt/judgments.shtml

Since a default judgement would terminate the case proceedings, but also give the prose appellant the relief sought, it is unreasonable to conclude that being denied the natural termination of the court following the submission of a non-defective Certificate for Default Judgement which would have preceded the immediate issuance of prose plaintiff's default judgement.  The district court substantially harmed prose plaintiff through its abuse of discretion as a matter of law by unreasonably delaying the

default judgement procedural process by district court misleading the Clerk about a pending dispositive motion and the unreasonable assertion that respondents excuse for missing the filling deadline was a meritorious defense.

The result of the district court's denial of prose plaintiff's motion for default judgement causes substantial prejudice financially, emotionally, impact on medical health, as well as psychological injury and hardship, in addition to stealing indefinite amounts of invaluable time away from prose appellant's family and doctoral studies. Prose appellant has already spent three years pursuing justice against offenses performed by respondents, to which obtain relief to which prose appellant is legally entitled to a resolution under Title VII of the Civil Rights Act of 1964 (2) Americans with Disabilities Act of 1990. During which time, prose appellant's entire family struggled through COVID, while prose appellant's child suffered from depression, suicidal ideations, anorexia, and ADHD. Today, prose appellant continues to be required to provide the child with consistent supervision and care. Prose appellant is harmed by the unabated distraction caused by the continuation of this case that keeps prose appellant from spending her valuable time ensuring her child remains psychologically healthy as she assists her through life transitions and the complex college admissions process.

Furthermore, prose appellant is in the last year of her doctoral program and writing a dissertation requires a considerable amount of time and focus to complete successfully. The continuation of this case is not only counter to justice, but it substantially jeopardizes prose appellant's doctoral studies, thus causing significant injury to future career prospects already irreparably damaged by respondents at the NYC Department of Education (the agency). The lawful issuance of a favorable default judgement determination would immediately sever the toxic ties prose appellant currently has with the agency, justly releasing prose appellant from the ongoing and unabated employment discrimination, abuse and unethical conduct perpetrated by the agency's employees, the Law Department and the district court.

Furthermore, the prose appellant is not a lawyer, has no legal counsel to consult with about her case with whom she can get any assistance to lessen the load. prose appellant continues to be mistreated by the agency where she is employed full-time in a capacity vastly different from the legal field, and is,

19

consequently, ill-equipped to continue defending herself indefinitely without making a significant investment of money and time, which are vastly limited. Not only is prose appellant is up against the preeminent Law Department with its 1,600 lawyers and professional support staff, but prose appellant now has to defend against Mayoral appointee, the Honorable Sylvia O. Hinds-Radix who is both the head of the Law Department and a former Associate Justice of the NYS Appellate Division where this case is currently under review. Clearly, a nonlawyer up against The Corporate Counsel of New York City is a prejudicial injury anybody, but especially to a prose appellant who is just seeking justice to which she is entitled under Title VII of the Civil Rights Act of 1964 (2) Americans with Disabilities Act of 1990.

In addition, the Law Department is renowned for getting meritorious cases dismissed on technicalities or by exhausting opponents' financial and emotional resources by prolonging cases to win disputes against unwittingly outnumbered Plaintiffs. All of the issues raised here aptly point out how the district judge's willful manipulation of the applicable law and misrepresentation to the Clerk of the Court about there being a pending dispositive motion when only a non-dispositive motion has resulted in an multiple injuries to Pro Se Plaintiff which is again an example of a manifest injustice.

Therefore, it is a manifest injustice, to continue to injure the prose appellant causing irreparable damage in all aspects of her life and health if this case were to be permitted to continue despite the respondents failure to assert a reasonable excuse following their default as a matter of law after being granted 81 days to file an answer to prose appellant's complaint. Justice would be duly served by the cases natural termination upon the substantiated showing that the respondents defaulted as a matter of law and further failed to purport a reasonable excuse after being granted 81 days to timely file a response to prose appellant's complaint.

In consideration of the facts herewith, which reflect evidence included in the unaltered district court record of the case, facts corroborates a reasonable showing that the prose appellant is, in fact, substantially harmed, prejudiced, and injured by the district court ruling to deny the prose appellant's motion for default judgement despite the district court judge's unilateral, and unsubstantiated claim to the contrary.

**c.   The Consideration of Prejudice in the Eitel Factors**

The Ninth Circuit has suggested several factors, also known as the Eitel Factors, that are to be taken into consideration when determining if a default judgement should be entered in the court. Amongst these factors, a prominent one remains to consider if the prose appellant will suffer prejudice if default judgement is not entered. As argued above, the prose appellant is at a prejudice if the default judgement is not granted thus the district court has also erred in the application of a settled precedent of the Ninth Circuit on the concerned subject-matter.

**(3)  An immediate appeal from the district court's decision could materially advance the ultimate termination of the litigation.**

An immediate appeal from the district court's decision in which the appellate court grants prose appellant's default judgement would materially advance the ultimate termination of the litigation. The procedure for entry of a default judgment is governed by Federal Rule of Civil Procedure 55(a), which provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Accordingly, courts in this circuit have outlined a two-step process: "first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). The entry of default "formalizes a judicial recognition that [respondents] ha[ve], through its failure to defend the action, admitted liability to the [prose appellant]." *Id.*; *see also Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (noting that default judgments "track the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party"); *United States v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability." (internal quotation and citations omitted)). Second, the entry of a default judgment "converts the[ respondents'] admission of liability into a final judgment that terminates the litigation and awards the [prose appellant] any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis Pawn Shop*, 645 F.3d at128. r Rule 54(d)(1) of the Federal Rules of Civil Procedure . Pasatieri v.

21

Starline Prods., Inc., No. 18-CV-4688 (RPK) (VMS), 2021 BL 299314, at *2 (E.D.N.Y. Aug. 9, 2021)

Consequently, had the Clerk of the Court not erred in rejecting the issuance of the Affidavits and Certificates of Default Judgement, due to what can be reasonably interpreted as the district courts willful interference with the Clerk fulfilling the requisite procedures, the first stage of obtaining the Certificates of Default Judgement would have been fulfilled, which is otherwise independent of judicial action and precedes the district court's issuance of the rightful default judgement determination. Consequently, under appellate review of the district judge's conduct into whether or not a favorable default judgement was warranted, the appellate courts overruling of the district courts August 19, 2023, holding, would materially advance the ultimate termination of the litigation.

The first two Eitel factors are (1) the merits of prose appellant's substantive claim, and (2) the sufficiency of the complaint. Eitel, 782 F.2d at 1471-72. The Ninth Circuit has suggested that these two factors require that a prose appellant "state a claim on which the [prose appellant] may recover." Kloepping, 1996 WL 75314, at *2 (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir.1978)). In the matter at hand, the prose appellant contends that she has effectively presented her substantive claim in the amended complaint submitted on April 10, 2023, to the district court. Furthermore, the prose appellant contends that the amended complaint properly alleges the elements required to prove the discrimination, states the claims for which relief is sought, enumerates the relief sought against each respondent to be held jointly and severally liable, and therefore legally warrants the issuance of default judgement based on respondents failure to file a timely response to prose appellants complaint as a matter of law. (see PepsiCo, Inc. v. California Security Cans, 238 F. Supp. 2d 1172 - Dist. Court, CD California 2002). Thus, the issuance of the default judgement order would itself lead to successful termination of the case. Therefore, the default judgement satisfies all three (3) criteria under which an interlocutory appeal may be lawfully reviewed by the appeals court.

22

Prose appellant asks this court within its discretion to make a decision about the rejection of the Clerk's Certificates of Default and the district court's denial of the Motion for Default Judgement if this case is remanded to the district court for adjudication once the appeals court has rendered a decision.

USING A PSEUDONYM

<u>District Court Abused its Discretion and Erred in Applying the Law by Dismissing the Appellant's Request to Proceed Under a Pseudonym.</u>

This issue is included in the record to establish a pattern of abuse of authority and err in law but is not intended to meet the interlocutory appeals standard. However, the appellate court may use its discretion to address issues that arise out of claims rightfully before its court. The issue of the default judgement meets this requisite standard for review when a manifest injustice is in question as a matter of law or other abuse of discretion by the district court.

Abuse of judicial discretion occurs when a district court decides or rules a way that is considered unreasonable, arbitrary, or contrary to established legal principles, and it goes beyond the bounds of what is considered fair and just within the legal system. Judicial discretion is the authority granted to judges to make decisions based on their judgment and interpretation of the law, particularly when the law is not clear-cut or specific on a particular issue.

However, when a judge's decision is deemed an abuse of discretion, it means that the judge has exceeded the reasonable boundaries of their authority or has made a decision that is not supported by the facts or the law. In such cases, the affected party may have grounds to appeal the decision to a higher court, which will review the lower court's decision for errors of law or abuses of discretion. Appellate courts overturn trial court decisions if there is a clear and demonstrable abuse of discretion or an error of law.

The district court abused its discretion because it acted unreasonably and contrary to what is considered fair and just within the legal system pertaining to the handling of the prose appellant's Pseudonym motion. Until August 19, 2023, eight (8) months after the filing of the case on January 8, 2023, the district court finally responded to prose appellant's pseudonym motion. The district court did

23

not delay in granting respondents motion for extension of time to file an answer which respondents, still, missed.

The prose appellant moved to proceed under a pseudonym for the "primary purpose of protecting her minor child, who has "learning disabilities and ongoing mental health issues." Specifically, prose appellant seeks to shield her minor child from any discriminatory harm that may be caused by a record of her mental health issues," particularly given her child's interest in pursuing a career in the military within the next year. Prose appellant also expresses concern that if she litigates this case using her real name, it is expected that the respondents will further retaliate against her. Prose appellant also contends that making her name public would put "future employment prospects .. at immense risk" because she legitimately fears developing a "reputation associated with suing her employer."

The Appeals Court may also review whether "a district court to litigate under a pseudonym is for abuse of discretion." See Sealed Plaintiff. v Sealed Defendant, 537 F3d 185, 18 (2d Cir. 2008), also see Aware Woman Ctr., 253 F.3d at 684 (reviewing a motion to proceed anonymously for abuse of discretion); Zavaras, 139 F.3d at 802; Frank, 951 F.2d at 323.

1. <u>Legal Standard District courts have the discretion to permit a Prose appellant to proceed under a pseudonym, however, only in limited circumstances.</u>

See Sealed Plaintiff, 537 F.3d at 189. In evaluating a request to proceed anonymously, the Court must balance "the Plaintiff's interest in anonymity ... against both the public interest in disclosure and any prejudice to the Defendant." Id.

In order to guide a proper exercise of discretion in the district court, the Second Circuit has recognized a non-exhaustive list of ten factors. These include the following: 1) Whether the litigation involves matters that are highly sensitive and of a personal nature; 2) Whether identification poses a risk of retaliatory physical or mental harm to the party or, even more critically to innocent non-parties; 3) Whether identification presents others harms and they likely severity of those harms; 4) Whether the Prose appellant is particularly vulnerable to the possible harms of disclosure 5) Whether the suit is challenging the actions of the government or that of private parties; 6) Whether the respondents are

24

prejudiced by allowing the Prose appellant to press claims anonymously, whether the nature of that prejudice differs at any particular stage of the litigation and whether it can be mitigated; 7) Whether the Prose appellant's identity has thus far been kept confidential; 8) Whether the public's interest in the litigation is further by requiring the Prose appellant to disclose his identity; 9) Whether because of the purely legal nature of the issue presented or otherwise, there is an atypically weak public interest in knowing the Prose appellant's identity; 10) Whether there are any alternative mechanisms for protecting the confidentiality of the Prose appellant.

A "party may proceed anonymously by showing that he has a **substantial privacy right** which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings." see Doe v. City of Vero Beach, CASE NO. 2:19-14212-ROSENBERG/MAYNARD, 2 (S.D. Fla. Sep. 9, 2019)

2. Court to review all circumstances in a case

It is important to emphasize that the Second District has noted the approval of the aforementioned factors with the "caution that this list is non-exhaustive and district courts should take into account other factors relevant to the particular case under consideration" See Sealed Plaintiff, 537 F.3d at 189. The aforementioned factors "receive considerable weight but are not exclusive; a court should review all circumstances in each case and "then decide whether the customary practice of disclosing the Plaintiff's identity should yield to the Plaintiff's privacy concerns." See Doe v. City of Vero Beach, CASE NO. 2:19-14212-ROSENBERG/MAYNARD, 3 (S.D. Fla. Sep. 9, 2019)

3. The Court has disregarded potential harm to Appellant's minor child who aspires to serve in the US Military.

Although there is no factually analogous anonymity request presented to a court on this matter as per the knowledge of the Prose appellant, the requests in Doe v. Hartford Fire Ins. Co., No. 2:17-cv-01714-KJM-EFB (E.D. Cal. Sep. 11, 2017) and Doe v. JBF Rak LLC, Case No. 2:14-cv-00979-MMD-GWF (D. Nev. Jul. 18, 2014) can be seen as reference. In both the aforementioned cases, the courts have granted a request to anonymity on the basis that the identity of a biological father be protected from his children in

a situation where he has donated his semen. These cases reflect the understanding and recognition of the judicial process of the potential negative harms of public litigation on the non-parties that are somehow related to the parties. The Prose appellant contends that the district court has erred in disregarding the probable impacts of the public litigation on the Prose appellant's child, with whom prose appellant an uncommon last name that is easily identified in simple google searches and can easily reveal her child's identity to future employers like the military to which her child aspires to join as early as next year in 2024. Disclosure of the prose appellant's child's psychological disability and mental health issues is expected to negatively impact the child's potential prospects of pursuing her desired career.

4. Protecting the Appellant's Minor Child's Privacy

Prose appellant contends that the district court is not only to protect the Prose appellant's privacy but also the privacy of her minor child as Prose appellant is similarly vulnerable to the risks posed by open judicial proceedings. It is well recognized that there is a strong public policy interest in favoring the special protection of minors and their privacy where "sensitive and possibly stigmatizing matters are concerned." Doe v. Zinsou, 19 Civ. 7025 (ER), 8 n.1 (S.D.N.Y. Aug. 6, 2019). The indirect but potential harm that the prose appellant's child is to face requires the court to consider anonymity to outweigh concerns of public litigation.

5. Appellant is contending an action against the Government

"Courts are less likely to grant a motion to proceed anonymously when the suit involves solely private parties, as compared to an action involving the government." See Townes, 2020 WL 2395159. The district court has emphasized that suing the government adds to the public importance of the case. The court is considering this aspect in isolation to the factual and legal assertions of the case. Furthermore, it is attempting to demonstrate this factor to be dispositive in nature. It is contended that an evaluation of this factor is to be done for the specific situation of the prose appellant, whereby suing the government and its official, the Prose appellant suspects retaliation by government employees which will significantly impact her life.

6. The District Court has not considered the prejudice to the Prose appellant at different stages suggesting an inappropriate application of the law.

26

The district court has directed that the serious nature of the charges merits the disclosure of identity as it violated the standards of fairness. The district court t, while making this assertion, has disregarded the law on this contention which requires the court to make a rather different evaluation. The district court is required to "determine the precise prejudice at each stage of the proceedings to the opposing party and whether proceedings may be structured so as to mitigate that prejudice". See James, 6 F.3d at 240-41 " Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000). If the proceedings can be structured in a way that can protect the identity of the prose appellant, the district court is expected to follow the procedure that can assist the prose appellant. It may not be necessary to disclose identity only because there are serious charges contended by the prose appellant. Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1069 (9th Cir. 2000) ("In cases where the prose appellants have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings, see FED. R. CIV. P. 16(b), and to issue protective orders limiting disclosure of the party's name, see FED. R. CIV. P. 26(c), to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case. It may never be necessary, however, to disclose the anonymous parties' identities to non-parties to the suit.")

Thus, it is the responsibility of the district court to consider the prejudice to the prose appellant at the different stages of the trial. The court has previously recognized that "the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses." Prose appellant contends that the district court has not considered this recognition and thus has made an erroneous judgment on the matter.

Furthermore, respondents did not raise an issue with prose plaintiff's request to use a pseudonym nor have they ever raised an issue with prose plaintiff's use of a pseudonym to date, which establishes that respondents are not prejudiced by prose plaintiff's use of a pseudonym and the assertion to the contrary may not be introduced now to the appeals court.

7. The Court has not rendered a judgment as to how there is significant interest in knowing the name of the Prose Appellant and that issues concerned in the case are of substantial public importance.

27

In Sealed Plaintiff, 537 F.3d at 189 the court has emphasized that factors like "Whether the public's interest in the litigation is further by requiring the prose appellant to disclose his identity" and "Whether because of the purely legal nature of the issue presented or otherwise, there is an atypically weak public interest in knowing the litigants' identity". Prose appellant contends that the court has not successfully addressed the aforementioned factors as it has not explained how it believes that the significant public interest in the matter or that prose appellant's identity is important for the public. The only assertion that the court has made is that disclosing the identity of the prose appellant is intended to assist the public and the judiciary in accurate fact finding, which does not meet the standard and is therefore an abuse of judicial discretion and an erroneous application of the law.

8. The standard for Prose Appellant

The Court of Appeals has previously directed that "when [a] Plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citing Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001)). The Supreme Court has also observed that "a prose appellant, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (internal quotation marks omitted). This is particularly so when the prose appellant alleges that her civil rights have been violated. See McEachin, 357 F.3d at 200.

Accordingly, the "dismissal of a prose [appellant] claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." Boykin v. KeyCorp, 521 F.3d 202, 216 (2d Cir. 2008). Consequently, Appellant claims that proceeding prose, the court has not been considerate of her request from the court to proceed under a pseudonym at a lower standard of caution.

9. The judge did not consider sealing the Case thus leaving no alternative remedy.

Prose appellant's Pseudonym Motion requested that if it were to be denied, the judge consider sealing the case. The judge never made mention of this possibility when deciding upon the Pseudonym Motion. Thus, it has left the material concern of the prose appellant unanswered in the August 19, 2023, order. The issue

remains to impact the record of the prose appellant and must be addressed by the court. Prose appellant asks this court, within its discretion to make a determination on the issue of sealing the record if it is remanded to the district court for adjudication once the appeals court has rendered a decision.

## DENYING REQUEST FOR DETERMINATION AGAINST DEFENDANTS FOR VIOLATION OF RULE 5

<u>The court erred in denying Appellant's request for a determination against the Defendants for violation of the Federal Rules of Civil Procedure, Rule 5.</u>

This issue is included in the record to establish a pattern of abuse of authority and err in law but is not intended to meet the interlocutory appeals standard. Again, however, the appellate court may use its discretion to address issues that arise out of claims rightfully before its court. The issue of the default judgement meets this requisite standard for review when a manifest injustice is in question as a matter of law or other abuse of discretion by the district court.

Respondents failed to serve prose appellant on multiple occasions that include the Notice of Appearance filed by Rene Macioce Esq. on Friday January 27, 2023 (docket #9), First Letter Motion for Extension of Time filed on Monday, January 30, 2023 (docket #12), Letter Response in Opposition to Motion for Entry of Default filed on Monday, April 10, 2023 (docket #26), and First Letter Motion for Conference to Discuss Defendants' Proposed Motion to Dismiss the Complaint also filed on Monday, April 10, 2023 (docket #27).

Respondents cannot claim any exceptions that would excuse them from complying with the Federal Rules of Civil Procedure, Rule 5, which pertains to the serving and filing of pleadings, even in the case of the prose appellant representing themselves. Additionally, it should be noted that the prose appellant is actively employed by respondents' city agency, the NYC Department of Education, and occupies a workspace in close proximity to Kimberly Wittmer, a jointly named respondent. As such, respondents' attorneys have a convenient means to acquire the prose appellant's residential address for the purpose of mailing or delivering documents directly to the prose appellant's desk via interoffice mail. Therefore, it is unreasonable and a deliberate disregard for the rules of Civil Procedure that the respondents failed to abide by the proper service requirements and may also be interpreted as unethical

tactics to exclude prose appellant from participating in the court process to which she is entitled as a citizen and as a prose appellant appearing rightfully before the court. The district court err as a matter of law by permitting respondents to repeatedly violate the rules governing proper service to opposing parties in a dispute.

Prose appellant asks this court, within its discretion, to make a determination on the issue of respondents violation of Federal Rules of Civil Procedure, Rule 5, if the case is remanded to the district court for adjudication once the appeals court has rendered a decision.

## WRONGFUL TERMINATION OF DOCKET ENTRIES

The Judge has wrongfully directed the Clerk of the Court to terminate docket entries 18, 20, 24, 27 and 33.

This issue is included in the record to establish a pattern of abuse of authority and err in law but is not intended to meet the interlocutory appeals standard. Again, however, the appellate court may use its discretion to address issues that arise out of claims rightfully before its court. The issue of the default judgement meets this requisite standard for review when a manifest injustice is in question as a matter of law or other abuse of discretion by the district court.

The district judge violated the NYC Records Retention and Disposition Rules (2018) Part 25 of the Supplemental Schedule. Courts generally have a duty to preserve and maintain a complete record of all proceedings, including the docket entries. This is essential for transparency, accountability, and the ability to review the history of a case. Court records, including docket entries, are considered public records. This means that they are generally accessible to the public, subject to certain exceptions for sensitive or confidential information. Public access to court records helps ensure transparency and accountability in the judicial process. In cases where there is a legitimate need to protect sensitive information, such as personal identifying information, trade secrets, or classified information, courts may order the sealing or redaction of specific docket entries or portions of records. This is typically done to balance the public's right to access with the need to protect sensitive information. However, the district

30

judge failed to rule on the sealing of the records in this case and denied prose plaintiff's request to redact information in the August 19, 2023, order. In some situations, a party to a case may request the removal of a docket entry, or a court may order the removal of a specific entry. However, such requests or orders are typically made for specific and compelling reasons, such as to correct errors in the record, protect sensitive information, or address legal or ethical concerns. The district judge's August 19, 2023, order failed to put forth any reasons at all as to why she requested that these dockets be removed from the case records.  New York courts have retention policies that dictate how long court records, including docket entries, must be retained before they can be destroyed or archived. These policies help ensure that records are preserved for a reasonable period while also managing the storage of large volumes of documents. "Retention and disposition. (n.d.). New York State

Archives. https://www.archives.nysed.gov/records/topic-retention-and-disposition"

Prose appellant believes that a entries 18, 20, 24, 27 and 33 have been improperly removed or altered, and has therefore filed a motion with the district court on September 26, 2023, requesting the entries reinstatement. But since the district court case is on hold until a decision is reached by this appeals court, prose appellant now seeks a review of this issue by the appellate court, which is the higher court in which prose appellant's case is currently before.

In light of the arguments presented above, the prose appellant contends that the judge has wrongfully directed the clerk of the court to terminate docket entries 18, 20, 24, 27 and 33 as the motions presented should have been accepted by the court.  Prose appellant asks this court, within its discretion, to make a determination about the issue of an abuse of discretion as a matter of law pertaining to the district court's request to terminate docket entries 18, 20, 24, 27 and 33, if the case is remanded to the district court for adjudication once the appeals court has rendered a decision.

**PART III**

CONCLUSION

For the foregoing reasons, the judgment of the District Court should be reversed.

31

Prose appellant also respectfully requests that if this court finds in her favor, that this court retain the case, within its discretion, to render judgement on all the issues and direct the default judgement procedures including the inquest between a judge and the prose appellant regarding damages.

Finally, prose appellant courteously requests that if the court finds in her favor, that this court may direct the district court to order an independent federal agency, without ties to NYC, to investigate the unethical practices of respondents NYC Department of Education and complicit managerial staff 's pattern of conduct resulting in the commission of substantial harm to employees belonging protected EEOC classes who have filed legal claims against respondents with the comptroller, the agency at which they are employed, or an administrative agency or in court.

Respectfully submitted,

Jane Doe

9/27/2023