# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 23-1210

**Motion for:** Reconsideration of Interlocutory Appeal En Banc Review

**Caption [use short title]:**

Jane Doe

(Plaintiff/Appellant)

v.

NYC Department of Education (NYC DOE), Dr. Linda Chen, Kimberly Wittmer, Norah Ann Lovett, Lucius Young

**Set forth below precise, complete statement of relief sought:**

Plaintiff/Appellant courteously asks the appellate court en ban review justices to overrule the trial court and appellate court's holdings dismissing Plaintiff/Appellant's motion for default judgment, as a matter of law, against the Defendants. Furthermore, Plaintiff/Appellant requests that the appellate court retain this case to carry out the motion for default judgment, as a matter of law, reconsider the request to expedite the FOIL request to facilitate issuing the remedy to Plaintiff/Appellant as described in April 10, 2023 update.

**MOVING PARTY:** Jane Doe

**OPPOSING PARTY:** NYC DOE, L. Chen, K. Wittmer, N. Lovett, L. Young

☐ Plaintiff ☐ Defendant
☒ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** On File with the Court of Appeals
Not applicable (Pro Se)

**OPPOSING ATTORNEY:** Diana Lawless, Esq.
New York Law Department
100 Church Street
New York NY 10007

**Court- Judge/ Agency appealed from:** Appeals Court - Clerk of the Court, Catherine O'Hagan Wolf

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes ☐ No (explain):

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☒ Yes ☐ No
Has this relief been previously sought in this court? ☒ Yes ☐ No

Requested return date and explanation of emergency:

**Opposing counsel's position on motion:**
☐ Unopposed ☐ Opposed ☒ Don't Know

**Does opposing counsel intend to file a response:**
☐ Yes ☐ No ☒ Don't Know

**Is the oral argument on motion requested?** ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

**Has the appeal argument date been set?** ☐ Yes ☐ No If yes, enter date:

**Signature of Moving Attorney:**
Jane Doe      **Date:** 11/21/2023      **Service:** ☐ Electronic ☒ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Jane Doe (Appellant)

CERTIFICATE OF SERVICE*

Docket Number: 23-1210

v.

NYC DOE et. al. (Respondents)

I, Jane Doe (Plaintiff/Appellant), hereby certify under penalty of perjury that
(print name)

on November 21, 2023, I served a copy of Motion for Reconsideration of Interlocutory (cont..)
(date)
Appeal En Bank Review

(list all documents)

by (select all applicable)**

X  Personal Delivery     ___ United States Mail     ___ Federal Express or other Overnight Courier

___ Commercial Carrier   ___ E-Mail (on consent)

on the following parties:

| Diana Lawless, Esq. | 100 Church Street | New York | NY | 10007 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

11/21/2023                                    Jane Doe

Today's Date                                  Signature

Certificate of Service Form (Last Revised 12/2015)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | | |
|---|---|---|
| JANE DOE (A Pseudonym) | ) | DOCKET NO. 23-1210 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MOTION FOR |
| | ) | RECONSIDERATION OF |
| | ) | INTERLOCUTORY |
| NEW YORK CITY DEPARTMENT OF | ) | APPEAL EN BANC |
| EDUCATION (NYC DOE), DR. LINDA CHEN | ) | REVIEW |
| KIMBERLY WITTMER, LUCIUS YOUNG | ) | |
| NORA LOVETT | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR RECONSIDERATION INTERLOCUTORY APPEAL EN BANC REVIEW

Plaintiff/Appellant, Jane Doe [hereafter 'Plaintiff/Appellant'], respectfully submits before this court a Motion for Reconsideration of Interlocutory Appeal En Banc Review because the facts of this case refute the appellate court holding that making a decision about the Defendants' default judgment lacks appellate court jurisdiction.

Furthermore, Plaintiff/Appellant's explanation meeting the standard and supporting precedent refutes the appellate court order dismissing the Pseudonym request as "frivolous" because the matter could be resolved by seal, when both the trial court and the appellate court failed to acknowledge or address that Plaintiff/Appellant requested the sealing of the case at the end of the original Pseudonym motion. Please see Case # 23CV198 for Plaintiff/Appellant arguments and supporting law.

Plaintiff/Appellant, also, refutes the appellate court's order dismissing the recusal motion as "moot" due to the appearance of a new counsel for defendants because the recusal motion,

submitted on September 28, 2023, while the appearance of new counsel for Defendants was filed on October 6, 2023 when the appellate court ignores relevant timing of Defendants legal infraction. Please see Case # 23-1210 for Plaintiff/Appellant arguments and supporting law.

Plaintiff/Appellant concedes to the appellate court's order dismissing the Freedom of Information Law ("FOIL") expedited request on the grounds that this issue cannot be raised in the appellate court for the first time.

## JURISDICATION

On November 15, 2023, the U.S. Court of Appeals for the Second Circuit, erroneously dismissed Plaintiff/Appellant's Interlocutory Appeal for "lack of jurisdiction" citing the 1955 *case In re Wills Lines, Inc.*, 227 F.2d 509, 511 (2d Cir. 1955). This case was distinguished in the 2011 case, Chem One, Ltd. V. M/V Rickers Genoa, 660 F.3d 626 (2nd Cir. 2011), where the court held in pertinent part that 28 U.S.C. § 1292(a)(3) provides in relevant part:

(a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from . . .

(3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.

Furthermore, the Chem On Ltd. case also held that, "the Ninth Circuit has taken a particularly expansive approach with respect to Section 1292(a)(3), holding that a determination as to a party's actual liability is not required before an appeal can be taken." Plaintiff/Appellant includes additional case law to support why the appellate court has jurisdiction in this matter in the original Motion for Interlocutory Appeal case filed in the appellate court. Please see Case # 23-1210 for Plaintiff/Appellant arguments and supporting law.

Plaintiff/Appellant provides case precedent that distinguished the 1955 case cited by the appeals court citing of the 2011 case holding that articulates the appellate court actually does have the jurisdiction to make a determination concerning the interlocutory appeals including default judgment committed as a matter of law. The court further explained that Defendants "liability is not required" thus not requiring the case to be "final" as the appellate court erroneously concludes. In this case, since Defendants defaulted as a matter of law and failed to provide a valid excuse to the trial court, the appeals court justification that "the portion of the district court's order that denied the motion for entry of default judgment is nonfinal" and as a result "lacks jurisdiction" is erroneous and should therefore be overturned on en banc review, for justice sake.

## PERTINENT FACTS

Defendants/Respondents failed to submit a timely response to prose plaintiff/appellant complaint by the extended April 7, 2023, deadline, therefore defaulting as a matter of law. Consequently, prose plaintiff/appellant filed a motion for default judgment with the Clerk of the Court. Three (3) days later, respondents filed a pre-motion letter, explaining that they failed to respond due to a calendaring error, seeking leave to move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted". Prose plaintiff filed an amended complaint on April 10, 2023, that included a detailed accounting of the relief sought. Prose appellant also filed a "motion to deny Defendants [sic] request to set aside motion for 6 Docket 23-1210 default judgment." The Clerk's Office subsequently declined to issue prose appellant a Certificate of Default because an alleged "dispositive motion" was pending. The alleged dispositive motion was stated in the trial court's holding as the Pseudonym motion, which is not a dispositive motion, on which the Clerk of the Court erroneously denied Plaintiff/Appellant's default judgement motion. Please see Case # 23CV198 for Plaintiff/Appellant arguments and supporting law.

## PUBLIC INTEREST

"The very foundation of a thriving democracy crumbles when unchecked power runs rampant and justice becomes a privilege reserved for a select few", a fitting quote by John Lewis that aptly reflects the testament of Plaintiff/Appellant throughout this case. In the context of the U.S. legal system, the Plaintiff/Appellant seeks an en banc review of the Interlocutory Appeal, not only to address the immediate concerns of this case but to expose the pervasive harm inflicted upon the public interest due to the blatant disregard for the rule of law, and unscrupulous manipulation of court timing that Plaintiff/Appellant and thousands of other victims are subjected to when they seek federal protection from harm committed against them by their government agency employer when seeking recourse in the New York trial court and Appellate court.

Throughout the course of this case in the New York court system, Plaintiff/Appellant has witnessed a disturbing pattern emerge—a collusion between the trial court judge, trial court clerk, appellate court clerk, the city's Law Department and city agency, NYC Department of Education and their agents (e.g. supervisors) that detrimentally depletes the city's financial resources reserved to benefit the same citizens each of the colluding culprits are well paid to terrorizes through retaliatory discrimination, harassment, demotion, and retaliation in the workplace and prolonged frivolous court cases against innocent plaintiffs, in direct violation of Title VII of the Civil Rights Act of 1964, harming employees entitled to protection under the federal Equal Employment Opportunity Commission ("EEOC") exemplifying the unchecked abuse of their interdependent exercise of illicit power.

A glaring example of this collusion is seen in Defendant Kimberly Wittmer's financial reward for the part she played, without any change in her professional responsibilities, which earned her a disproportionate career advancement to Executive Director and substantial salary increase from $125K to $149K she since commencing her harassment against the Plaintiff/Appellant in 2021 (see exhibit 1), contrasting starkly with the Plaintiff/Appellant's stagnant salary and advancement

This financial and professional disparity persists despite the Plaintiff/Appellant's educational achievements, professional experience, and exceptional proprietary skills (see exhibit 2).

The Plaintiff/Appellant, a first-generation American woman of color, wife and mom, NYU graduate, current Doctoral student, a member of Mensa, who has held multiple leadership positions requiring a wide-latitude of independent authority, represents a paradigmatic case of injustice. Despite being a protected member of the Americans with Disabilities Act of 1990 class, armed with substantial evidence of EEOC violations, seeking justice within the legal system has proven futile. The trial court's delays, failures to issue holdings, frequently circumventing legal procedures and misrepresentation of facts showcase a blatant disregard for the law by the courts the public has entrust to carry out justice.

Even at the appellate court level, the injustices persist. The Clerk of the Court, not only issues a holding before the Defendant's response to Plantiff/Appellant's was due on December 28, 2023, a flagrant contravention of legal procedures, the Clerk of the Court issued an erroneous holding based on outdated case law from 1955, which had been distinguished in 2011 in support of Plaintiff/Appellant's evidence that the appellate court indeed has jurisdiction to hear an interlocutory appeal about Defendants default judgment as a matter of law, further highlighting the system's flaws. This pattern of misbehavior by both trial and appellate courts raises serious concerns about the integrity of the U.S. legal system.

Losing faith in a legal system that systematically thwarts adherence to its own laws, colluding with agencies and agents to deny citizens their federally protected rights, is all disheartening. The intentional misrepresentation of the law, violation of codes, rules, and precedents, and the arbitrary functioning of the legal system process is a grave concern to the public interest.

The plight of the Plaintiff/Appellant is not an isolated incident but emblematic of a larger issue that requires the awareness and intervention of all justices in the appellate court, who believe in upholding the rule of law and justice in the legal system to sustain our invaluable democracy.

Countless city employees suffer under weight of these oppressive customary practices by city agencies and their co-conspirators who engage in unabated professional sabotage innocent plaintiffs who have often dedicated countless years of their lives to the agency. Efforts to exercise their rights under the EEOC are exacerbated by predatory lawyers and a legal system that, as demonstrated in this case, appears more corrupt and unjust than legally complex. Allowing the Defendants to evade accountability for failing to respond to the complaint and failing to assert a valid defense not only unnecessarily prolongs this case, costing more for NYC suffering from major cutbacks due to the migrant crisis, but also perpetuates an immeasurable injustice in the legal system that is an indelible stain on U.S. Constitutional Rights. Such a disregard for the rule of law mirrors the indifference experienced in totalitarian regimes. The harm inflicted on innocent victims, unable to navigate this corrupt system, underscores the urgency to uphold the rule of law for the greater public interest.

## PRAYER

WHEREFORE the Plaintiff/Appellant respectfully requests the appellate court en banc review conduct its investigation into all of the relevant factors, the case precedent outlined herein-above and in the original interlocutory appeal that establish that the appellate court has jurisdiction to decide whether the Defendants defaulted, as a matter of law, in the trial court.

The holding in favor of Plaintiff/Appellant motion for Default Judgment would terminate the need for Plaintiff/Appellant to proceed using a Pseudonym. However, if necessary, Plaintiff/Appellant requests that the appellate court's en banc review include an analysis of the case law Plaintiff/Appellant submitted in the interlocutory appeal that establish Plaintiff/Appellant's legitimate and reasonable concern that she and her minor child will face substantial retaliation, harassment, and discrimination if their identities are publicly disclosed as related to each other.

Plaintiff/Appellant also courteously requests that the appellate court's en banc review include an analysis of and whether the Recusal Motion was properly dismissed as moot considering that the motion was submitted before the attorney for Defendants was replaced.

RESPECTFULLY, Plaintiff/Appellant courteously asks the appellate court en ban review justices to overrule the trial court and appellate court's holdings dismissing Plaintiff/Appellant's motion for default judgment, as a matter of law, against the Defendants. Furthermore, Plaintiff/Appellant requests that the appellate court retain this case to carry out the motion for default judgment, as a matter of law, reconsider the request to expedite the FOIL request because it provides relevant information that will facilitate the issuing the remedy to Plaintiff/Appellant and duly award the remedy sought by the Plaintiff/Appellant.

Dated: 11/21/2023

Respectfully submitted,

*Jane Doe*

Jane Doe
(A Pseudonym)
PLAINTIFF PRO SE

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

### COMPLETING A CERTIFICATE OF COMPLIANCE

Section 670.10.3(f) of the rules of the court (effective January 1, 2004), requires that all briefs, except those that are handwritten, have at the end thereof a certificate of compliance attesting that the formatting of the brief complies with the court's rules. The certificate may be single spaced and need not be signed. The following examples, when properly completed with the requisite information, will satisfy the rule. *Do not attach this document to a brief! The text of the appropriate certificate should be included as a part of the brief at its end.*

### Typewritten Brief

The foregoing brief was prepared on a typewriter. The size of the type is pica and the pitch of the type is 10 characters per inch.

### Computer-generated Brief – Proportionally Spaced Typeface

The foregoing brief was prepared on a computer (on a word processor). A proportionally spaced typeface was used, as follows:

Name of typeface: __Times Roman__
Point size: __12__
Line spacing: __Doubled__

The total number of words in the brief, inclusive of point headings and footnotes and exclusive of pages containing the table of contents, table of citations, proof of service, certificate of compliance, or any authorized addendum containing statutes, rules, regulations, etc., is __1,919__.

### Computer-generated Brief – Monospaced Typeface

The foregoing brief was prepared on a computer (on a word processor). A monospaced typeface was used, as follows:

Name of typeface: _____
Point size: _____
Line spacing: _____

The total number of words in the brief, inclusive of point headings and footnotes and exclusive of pages containing the table of contents, table of citations, proof of service, certificate of compliance, or any authorized addendum containing statutes, rules, regulations, etc., is _____.

2023 NOV 21 AM 10:03
U.S. COURT OF APPEALS
COMMUNICATIONS UNIT
RECEIVED